**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LLOYD FERNANDES AND NANCY CASTELINO,<br><br>Plaintiffs,<br><br>v.<br><br>PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:26-cv-10252 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two motions. First, Plaintiffs Lloyd Fernandez and Nancy Castelino (together, "Plaintiffs") filed a Motion to Remand, which includes a request for costs and expenses. (ECF No. 4.) Defendant Philadelphia Contributionship Insurance Company ("Defendant") opposed that motion (ECF No. 7) and Plaintiffs replied (ECF No. 11). Second, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 13), which Plaintiffs opposed (ECF No. 14).

Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause having been shown, Plaintiffs' Motion to Remand is **GRANTED**, Plaintiffs' request for costs and expenses is **DENIED**, and Defendant's Motion to Dismiss is **DENIED AS MOOT**.

## I. BACKGROUND

On January 12, 2024, a fire occurred at a property in Jersey City covered by an insurance policy issued by Defendant. (ECF No. 9 ¶¶ 6, 9.) Plaintiffs, as the named insured and beneficiaries of the insurance policy, notified Defendant of the loss on the same day. (*Id.* ¶¶ 6, 11.) Two years of dispute between the parties over the value of the loss ensued and culminated in this action being filed. (*Id.* ¶¶ 18–52.)

On June 22, 2026, Plaintiffs filed a civil action against Defendant in the New Jersey Superior Court, Law Division, Hudson County. (*Id.* at 2.) Plaintiffs' claims included breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of New Jersey Insurance Law and New Jersey's Consumer Fraud Act. (*Id.* ¶¶ 53–151.)

On July 1, 2026, the Office of the Commissioner of the New Jersey Department of Banking and Insurance accepted service of process on behalf of Defendant.[1] (ECF No. 4 at 3, 14.) On the same day, the Commissioner then forwarded those documents to Defendant by certified mail. (*Id.* at 14.) The parties dispute the date on which Defendant received the documents.

According to the USPS tracking and the certified mail receipt Plaintiff received, the complaint was delivered to Defendant on July 9, 2026. (ECF No. 4 at 15, 17.) But, according to Defendant's employees and internal systems, Defendant did not receive the complaint until July 14, 2026. (ECF No. 7 at 4; *see also* ECF Nos. 7-1, 7-2.)

On August 13, 2026, Defendant filed a Notice of Removal based on diversity jurisdiction. (ECF No. 1.) On August 16, 2026, Plaintiffs filed a Motion to Remand to the Superior Court of New Jersey. (ECF No. 4.) On September 8, 2026, Defendant filed an Opposition to Plaintiffs'

---

[1] New Jersey state law permits a plaintiff to serve a corporation by serving a copy of the summons and complaint on the New Jersey Commissioner of Banking and Insurance. N.J. Stat. Ann. § 17:32-2(c). Plaintiffs followed that procedure. (ECF No. 4 at 3, 14.)

Motion to Remand. (ECF No. 7.) On September 14, 2026, Plaintiffs filed a Reply to Defendant's Opposition. (ECF No. 11.)

On September 8, 2026, Plaintiffs filed an Amended Complaint. (ECF No. 9.) On September 23, 2026, Defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6).[2] (ECF No. 13.) On October 5, 2026, Plaintiffs filed an Opposition. (ECF No. 14.)

## II. LEGAL STANDARD

### A. Remand

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court" to "the district court of the United States for the district and division embracing the place where such action is pending" if "the district courts of the United States have original jurisdiction."

The removal procedure is set forth in 28 U.S.C. § 1446. To remove a civil action from a State court, the defendant must file a notice of removal in the district court including "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). This notice must be filed within 30 days of the defendant receiving the complaint or whichever paper "from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Following a defendant's successful removal, a plaintiff may move to remand the case to State Court within 30 days of the defendant filing the notice of removal. 28 U.S.C. § 1447(c). Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect

[2] Defendant previously filed a Motion to Dismiss Plaintiffs' original complaint (ECF No. 5), which Plaintiffs opposed (ECF No. 8), but Defendant requested to withdraw the motion (ECF No. 10) upon Plaintiffs' filing of the Amended Complaint. The Court granted Defendant's request to withdraw the motion. (ECF No. 12.)

in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). Courts in this Circuit construe the removal statute strictly and resolve doubtful cases in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

**B. Motion to Dismiss**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips v. Cnty.*, 515 F.3d 224, 228 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the . . . plead[ed] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

## III. DECISION

**A. Remand**

Plaintiffs contend this case should be remanded because of a procedural defect in Defendant's removal, namely, timeliness.[3] (ECF No. 4 at 5–6.) According to Plaintiffs, Defendant received the complaint on July 9, 2026, and therefore Defendant's thirty-day window to remove under 28 U.S.C. § 1446(b) expired on August 10, 2026. (*Id.* at 6.) As such, Defendant's filing of its notice of removal on August 13, 2026 was untimely. (*Id.*) In support of this allegation, Plaintiff produced the certified-mail return receipt from the Commissioner's mailing to Defendant (*id.* at 15) as well as the tracking information from the United States Postal Service (the "USPS") website (*id.* at 17). Both the certified mail return receipt and the USPS website's tracking information indicate the date of deliver was July 9. (*Id.* at 15, 17.)

Defendant argues its removal was timely because it did not receive a copy of the complaint until July 14, 2026. (ECF No. 7 at 4.) To prove this, Defendant submitted a declaration from its mailroom supervisor (ECF No. 7-1), an email confirmation of the date the complaint was scanned into Defendant's internal system (ECF No. 7-2 at 4), and a declaration from the claims supervisor for this lawsuit (*Id.* at 1–2). According to the mailroom supervisor, Defendant maintains a Post Office box at a local USPS facility, where an outside vendor picks up the mail and delivers it to the mail room at Defendant's principal place of business the same day it picks up the mail. (ECF No. 7-1 ¶ 3.) Defendant's mailroom supervisor states neither he nor Defendant's outside mail pickup vendor signed the certified mail receipt Plaintiffs produced. (*Id.* ¶ 4.) The mailroom supervisor therefore believes the certified mail receipt must have been signed by a USPS employee

---

[3] Additionally, Plaintiffs contend fifteen pages of their initial state-court filing are absent from Defendant's notice of removal. (ECF No. 4 at 7.) However, Plaintiffs do not contend this alone is enough to warrant remand. (*Id.*) Because untimeliness is sufficient to warrant remand, the Court does not address this argument.

and then placed in the Post Office box for pickup, but he does not surmise on when it was placed in the Post Office box. (*Id.*)

A defendant seeking to remove the matter bears the burden of showing removal was timely. *See Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020); *see also F.D.I.C. v. Wissel & Sons Const. Co.*, 881 F. Supp. 119, 122 (D.N.J. 1995) ("When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal.") The thirty-day period during which a defendant can file a notice of removal under 28 U.S.C. § 1446(b) does not commence until the defendant, or his agent, is served with the summons and complaint. *Gabriella's LLC v. Hartford Ins. Grp.*, Civ. A. No. 20-7799, 2021 WL 733686, at *3 (D.N.J. Feb. 25, 2021) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). When a party serves a statutory agent in lieu of serving the defendant, as Plaintiffs did here (ECF No. 4 at 2), the thirty-day period does not begin until the defendant receives the complaint. *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 632–33 (D.N.J. 2009).

Defendant has failed to meet its burden of demonstrating its removal was timely. A complaint sent by certified mail to a Defendant is considered received for purposes of starting the thirty-day period for removal when it is delivered. *See Gabriella's*, 2021 WL 733686, at *4. Here, the USPS tracking information indicates the complaint was delivered to "an agent at the front desk, reception, or mail room at 10:13 a.m. on July 9, 2026 in PHILADELPHIA, PA 19106"[4] (ECF No. 4 at 17) and the certified mail receipt correspondingly notes the date of delivery as July 9, 2026 (*Id.* at 15). While Defendant's internal systems recorded the complaint on

[4] This zip code, 19106, is the zip code of Defendant's address. (*See* ECF No. 4 at 15.)

July 14, 2026 (ECF No. 7-2 at 4), Defendant has failed to put forth evidence disputing USPS's tracking information.

For example, Defendant asks the Court to believe the certified mail receipt was signed by a USPS employee on July 9, 2026 who then placed it in Defendant's Post Office box at some time. (ECF No. 7 at 6–7; ECF No. 7-1 ¶ 4.) However, if the Court were to believe the complaint was delivered to Defendant's Post Office box rather than its principal place of business, Defendant still needs to show that the letter was not put in the Post Office box on July 9. Otherwise, Defendant would be asking the Court to find that delivery is not accomplished until Defendant picked the complaint up from the Post Office box. "The rules of service and, correspondingly, the removal statute cannot consider every corporation's business practices in determining the date a defendant was served by certified mail with a summons and complaint," rather "the inquiry into service by certified mail must end once the mail has been placed in the . . . mailbox." *Gabriella's*, 2021 WL 733686, at *4. Defendant has not shown that the complaint was not delivered to its Post Office box on July 9; it has not provided the Court with the frequency with which Defendant's outside vendor monitors and collects mail from the Post Office box nor whether the mail was retrieved from the Post Office box after 10:13 a.m. on July 9, 2026.

Because the burden is on the Defendant to prove removal was timely and doubtful cases are to be resolved in favor of remand, this matter will be remanded to the New Jersey Superior Court, Law Division, Hudson County.

**B. Request for Costs and Expenses**

A court may, when remanding a case, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "When

an objectively reasonable basis [for removal] exists, fees [under § 1447(c)] should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendant's brief and accompanying declarations make clear Defendant believed it had timely removed based on its internal recordkeeping practices. Although this Court does not find Defendant met its burden of proving timeliness, that does not make Defendant's belief objectively unreasonable. Further, untimeliness is a procedural defect, and courts in this circuit have declined to find Defendants have no objectively reasonable basis for removal where the only defect in their removal is procedural. *See PMC, Inc. v. Tomco Constr., Inc.*, Civ. A. No. 21-13470, 2021 WL 5413988 (D.N.J. Nov. 18, 2021); *Bauer v. Glatzer*, Civ. A. No. 07-4501, 2007 WL 4440213, at *3 (D.N.J. Dec. 17, 2007); *see also Saterstad v. Stover*, 249 F. App'x 955, 956 (3d Cir. 2007) (affirming district court's determination that appellant was not entitled to costs under section 1447(c) because of a procedural defect). Accordingly, the Court declines to award costs and expenses to Plaintiffs.

### C. Motion to Dismiss

Having found remand appropriate, the Court denies Defendant's Motion to Dismiss as moot.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is **GRANTED**, Plaintiffs' request for costs and expenses is **DENIED**, and Defendant's Motion to Dismiss is **DENIED AS MOOT**.

**Date: October 12, 2026**

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**